[No. 650-2.    Division Two.    April 20, 1973.]

DANIEL PETERS, *Appellant,* v. SOUTH KITSAP SCHOOL DISTRICT No. 402, *Respondent.*

810

*John A. Bishop, Gary A. Cunningham,* and *L. R. Rick Smith,* for appellant.

*Elvin J. Vandeberg* and *Les Stomsvik* (of *Kane, Vandeberg & Hartinger*), for respondent.

PEARSON, C.J.—When a school district discontinues a teaching position for economic reasons, what duty does it owe the teacher whose position is eliminated? This appeal requires us to give consideration to that question in light of RCW 28A.67.070[1]—the continuing contract law.

Appellant, Daniel Peters, commenced teaching in South Kitsap School District No. 402 in the 1960-1961 school year, and continued without interruption through the 1970-1971 school year. On April 6, 1971 he was given written notice, pursuant to RCW 28A.67.070, that his contract would not be renewed for the 1971-1972 school year. The trial court

---

[1]RCW 28A.67.070 provides, in part: "The board shall make with each employee employed by it a written contract, which shall be in conformity with the laws of this state, and limited to a term of not more than one year. . . .

"Every board of directors determining that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of the board of directors, which notification shall specify the cause or causes for nonrenewal of contract. . . . Any decision not to renew such employment contract shall be based solely upon the cause or causes for nonrenewal specified in the notice of probable cause to the employee . . . If any such notification or opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term."

found and concluded that appellant's dismissal was factually and legally substantiated and entered a decree sustaining the nonrenewal action of the school district.

While appellant challenges portions of three findings of fact, our review of the record shows substantial, if not undisputed, evidence to support them. In any event, those assignments of error do not represent the real thrust of the appeal. Instead, three of the court's legal conclusions pinpoint the central question presented above:

(2) That the Board of Directors of South Kitsap School District No. 402 have sustained the burden of establishing by a preponderance of the evidence that reasonable and probable cause existed for the non-renewal of the teaching contract of the appellant for the school year 1971-72.

. . .

(4) That the actions of the Board of Directors of South Kitsap School District No. 402 in eliminating the use of certificated personnel for full-time study hall positions and the determination not to renew the teaching contract of appellant for the 1971-72 school year did not violate due process or deny appellant due process.

(5) That RCW 28A.67.070 does not require a school district to employ for the following year a teacher whose services are not needed by the district when to do so requires the Board to create a position for which no need exists, or to discharging or refusing to renew the contract of another teacher entitled to continuing contract rights under RCW 28A.67.070.

The factual foundation for these conclusions established that appellant held a valid secondary school teaching certificate. He was qualified in four subjects—Spanish, Social Studies, English, and Study Hall. From 1960 until 1969-1970, appellant had teaching assignments in the South Kitsap High School of Spanish or a combination of Spanish and English. Commencing with the 1969-1970 school year, appellant was assigned as a full-time study hall teacher. Appellant did file a grievance concerning this assignment with the South Kitsap Education Association Committee on Professional Rights and Responsibilities. That committee found

there was no grievance against the school district and appellant did not further challenge that determination.

During the 1970-1971 school year, it became evident that the per pupil support from the state was to be cut for the ensuing year from $371 to $365. This made it necessary for this district to reduce its operating budget by some $40,000. At this time, appellant was the only certificated teacher assigned as a full-time study hall teacher. His pay was $11,300, as compared to one other noncertificated (classified) study hall supervisor, whose pay was $4,050.

Consequently, the school board on January 18, 1971, elected to nonrenew appellant's contract to effect a $7,250 saving. The statutory proceedings were followed in accomplishing the nonrenewal. The notice of nonrenewal given to appellant stated, in part: "The decision to use classified personnel rather than certificated personnel is based on the financial savings to the District."

Critical to the question of what duty the school district owed appellant are three factual findings of the trial court, all of which are amply supported by the record:

(1) Appellant was given notice of all vacancies that occurred from and after January 18, 1971 in the teaching positions in the secondary schools of South Kitsap County District No. 402.

(2) From and after January 18, 1971, all teaching positions in South Kitsap High School in the fields of Spanish, English, and Social Studies were held by *tenured teachers currently employed.*

(3) From and after January 18, 1971, and until June, 1971, there were no vacancies in the fields of Spanish, English or Social Studies in the two junior high schools. In June, 1971, vacancies arose but appellant could not qualify for any of the vacancies that existed because he was not qualified to teach the combination of subjects required for the specific vacancies. The combinations required for each teaching position were made by the principal of the particular junior high school involved *and were made in good faith to meet the particular needs of the school and not to prevent appellant's qualification for the position.*

(Italics ours.)

In effect, then, the challenged conclusions based upon these findings constituted the equivalent of rulings that (1) the district's duty under the continuing contract law was discharged when it notified appellant of vacancies in his areas of qualification, giving him an opportunity to apply for those openings up until the end of his existing contract; (2) the district was not obliged to offer appellant another teaching position in his area of qualification if it required replacement of a teacher with less seniority, holding an existing contract in that teaching area; and (3) the district was not obliged to adjust teaching assignments to make room for appellant so long as the teaching assignments were made in good faith to meet the needs of the district and not to prevent appellant's employment.

Appellant's principal complaint with these rulings was that they fail to consider his seniority rights and that to give effective recognition to those rights the school district should have either offered him an existing position at the expense of a teacher with less seniority, or adjusted its curriculum combinations so as to offer him employment where vacancies arose.

It needs to be stated initially that the Washington law dealing with teacher rights and responsibilities is not a true tenure law. Under RCW 28A.67.070 *every* teacher under contract with the school district has certain reemployment rights which apply with equal force to all teachers without reference to length of service. The statute does not create tenured and nontenured classes of teachers with reemployment preferences given to the former group and denied to the latter. For this reason, many of the authorities cited by appellant from other jurisdictions are inapposite.

RCW 28A.58.100 and its predecessor statutes prohibit the districts from entering into a contract with any given teacher for more than 1 year. However, the district may refuse to renew a contract for an ensuing year *only* for sufficient probable cause. *State ex rel. Mary M. Knight*

*School Dist. 311 v. Wanamaker,* 46 Wn.2d 341, 281 P.2d 846 (1955).

Under the law, length of service of a certificated teacher gives certain rights such as salary increments, pension rights, and leave benefits, and when the teacher transfers from one district to another, those rights follow him. *See* RCW 28A.58.100. However, even in the cases of transfer, the district to which a particular teacher applies for employment is not compelled to give his application preferred treatment over that of an applicant with less seniority. The legislature has seen fit to leave the question of employment solely to the discretion of a majority of the school board and once a teacher is employed, the tenure of his contract is 1 year. *Robel v. Highline Pub. Schools, Dist. 401,* 65 Wn.2d 477, 398 P.2d 1 (1965); *Lande v. South Kitsap School Dist. 402,* 2 Wn. App. 468, 469 P.2d 982 (1970).

It is equally clear that a properly terminated teacher applying for a position with his former employer or to a new district, has no statutory preference for employment based upon his length of prior service, but if hired or rehired would retain the statutory benefits of his length of prior service. RCW 28A.58.100.

■ Until recently, there were no decisions in Washington considering the question of how length of service may affect the district's duty toward an employee where financial problems require a reduction in certificated personnel. In *Thayer v. Anacortes School Dist.,* 81 Wn.2d 709, 504 P.2d 1130 (1972), the Supreme Court stated that a school district is obliged to take into consideration and allow credit for seniority in making a reduction in its personnel.

We do not find that case to be authority that the district here should have offered appellant a different teaching position at the expense of an equally "tenured" teacher holding that position, simply because appellant had more seniority than the latter. To so hold would, we think, violate the reemployment rights of the teacher whose teaching assignment was not affected by the reduction in personnel. RCW 28A.67.070.

Had there been two or more certificated teachers assigned to study hall, then *Thayer v. Anacortes School Dist., supra,* would require the district to consider seniority, together with the district's needs and the respective qualifications of the teachers in determining which one to terminate. Since that situation does not exist in this case, appellant's length of service was not in issue on this point.

Nor do we consider appellant's due process argument persuasive. There is no evidence that he was assigned to the full-time study hall position in 1969 in order that the district could eliminate the position in 1971, thus denying him reemployment. Had such been the case, there would be merit in the due process argument. However, appellant's assignment to study hall was made many months before financial problems caused the need to reduce staff. Neither the evidence nor the trial court's findings warrant an inference that the district acted in bad faith toward appellant.

We conclude that the financial problems facing South Kitsap School District furnished probable cause not to renew appellant's contract and that the district did not violate due process or appellant's "seniority" rights in electing to nonrenew his contract.

We now turn to the central questions with which we are concerned. Once a contract is properly nonrenewed because of a financial reduction in personnel, what duty does the district owe to the nonrenewed employee with respect to vacancies which might occur prior to the expiration of his existing contract? This question takes on added importance because of the plight of many districts which depend upon substantial excess levies for operating expenses.

The continuing contract statute has as one of its central purposes the elimination of uncertainty in the employment plans of both the teacher and the district. *See Robel v. Highline Pub. Schools, Dist. 401, supra.*

Even though the financial requirements of the district may require reduction in staff, individual teachers who

have been properly nonrenewed solely for that reason do not lose their statutory right to reemployment until their contract is actually terminated. Thus, the district may not approach the task of selecting personnel to fill vacancies that occur after some teachers have been nonrenewed without first giving effect to the continuing contract rights of those nonrenewed teachers. We think this is the real thrust of *Thayer v. Anacortes School Dist., supra.*

■ Appellant urges that the district could and should have rearranged combinations of subjects to make room for his reemployment. In our view, appellant confuses two of the district's separate functions. The determination of educational goals, programs, and curricula is a matter within the broad discretion of the school board. RCW 28A.58.103; RCW 28A.59.180; *see generally* RCW 28A.58. The exercise of this discretion establishes the district's needs for the coming school year. In our view, the law does not require the school board to consider the availability of teachers with specific qualifications in establishing the district's goals or requirements. The efficient use of combinations of teaching skills into teaching assignments is within the broad discretionary powers of the school board. The law requires only the good faith exercise of administrative discretion and obviously, the board may not adjust its curricula solely to prevent a nonrenewed employee from qualifying to fill a vacancy.

Filling the needs so established is another question. When the school board turns to this task, it must continue the contracts of those teachers who have qualifications that satisfy its needs. Thus, even though a teacher is properly notified and nonrenewed on the grounds of financial necessity, a change in the needs of the district before actual termination of the teacher's contract compels a reconsideration of the nonrenewal.

■ Moreover, when it becomes apparent that vacancies will occur following a personnel reduction, we think due process principles require that the district promulgate spe-

cific criteria to apply in satisfying its needs. Such criteria should clearly reflect the district's program requirements, set forth the requisite qualifications, and announce guidelines by which length of service will be considered.

In this case, the trial court found that the combinations "were made in good faith to meet the particular needs of the school and not to prevent appellant's qualification for the position." We think that finding is fully supported by the record and is consistent with the district's duty to appellant. While it does not appear that South Kitsap School District had any established criteria which would give preferential treatment to a nonrenewed teacher, that fact is academic in light of the court's findings that in the period of time under consideration, no vacancies for which appellant was qualified occurred within the district.

Judgment affirmed.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied May 21, 1973.

Review denied by Supreme Court August 27, 1973.