# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RELATIVE MOTION, LLC, dba KITSAP CROSSFIT, | No. 54464-4-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF REVENUE OF THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent, | |

LEE C.J. — Relative Motion, LLC, dba Kitsap CrossFit, appeals the superior court's order granting summary judgment, which dismissed its tax refund action. Kitsap CrossFit argues that the superior court erred in granting summary judgment because the statutory provision at issue and its related regulation are unconstitutionally vague. Kitsap CrossFit also argues that the superior court erred in granting summary judgment because reasonable minds can differ as to whether its CrossFit classes were properly classified as "physical fitness services."

We hold that Kitsap CrossFit's unconstitutionally vague challenge fails because the statute and regulation at issue do not require action or impose sanctions, provide fair notice, and do not invite arbitrary enforcement. We also hold that the superior court did not err in granting summary judgment because no genuine issue of material fact exists as to whether Kitsap CrossFit's classes were properly classified as "physical fitness services," and the superior court did not err in concluding that Kitsap CrossFit's classes were "physical fitness services" as a matter of law. Accordingly, we affirm the superior court's order granting summary judgment.

No. 54464-4-II

FACTS

A.    KITSAP CROSSFIT'S CLASSES

Kitsap CrossFit began operating as a licensed affiliate of CrossFit, Inc., in Poulsbo, Washington, in 2009. As a licensed affiliate, Kitsap CrossFit provides its members with classes on CrossFit, Inc.'s specialized approach to fitness and mastery of techniques. In order to participate in its classes, Kitsap CrossFit requires members to sign a membership agreement. Members also pay a monthly fee to attend classes, which varies based on how many classes per week the member desires.

Kitsap CrossFit's classes are taught at its own facility. As a requirement to teach CrossFit classes, the instructors must be certified by CrossFit, Inc.

Kitsap CrossFit instructors employ a three-step method to implement the goals of CrossFit. First, instructors teach a specific movement to members by demonstrating and breaking the movement into simple steps. Second, instructors see the movement by evaluating the member's mechanics discussed in step one. Third, instructors correct the movement by identifying flaws and instructing the member on how to fix it. This instructional methodology is important to ensure members utilize proper form in executing movement and to prevent injury. This instructional method is also used by Kitsap CrossFit's instructors throughout a typical class.

Kitsap CrossFit's curriculum provides three different classes depending on a member's abilities. The first class is for "all skills levels," which is the "daily programming that anybody could participate in." Clerk's Papers (CP) at 157. The second class is the "skills class," which focuses on common movements, isolating them, and "spend[ing] additional time learning technique." CP at 157. The third class is the "competitor's class," which is for advanced athletes.

2

CP at 157. In the competitor's class, members are taught techniques which can be used in competition. During the relevant tax period, the "all skills levels" class was the most frequently offered class by Kitsap CrossFit. Members would generally attend Kitsap CrossFit's classes three to four times per week.

Prior to enrolling in one of Kitsap CrossFit's classes, prospective members were required to attend an introductory session. The instructors would inquire about the prospective member's goals in joining Kitsap CrossFit's classes. Members joined with the goal of losing weight, getting fit, learning new things, and overcoming fears. Members also joined for a source of consistent exercise, to reduce stress, to develop strength, flexibility, and endurance, to adopt a healthier lifestyle, to "do something besides running," and to reduce body fat. CP at 537.

Kitsap CrossFit also required prospective members to attend a fundamentals course prior to enrolling in one of the three classes. The fundamentals course consisted of three one-hour long sessions which focused on mastering the nine foundational CrossFit movements. At the fundamentals classes, one or two instructors would explain and demonstrate the movements to the prospective members. The prospective members would then execute the movement with the instructors employing the three-step methodology explained above. After completing the fundamentals course, an individual is eligible to enroll in one of Kitsap CrossFit's CrossFit classes.

Every CrossFit class is taught according to a written lesson plan with specific exercises that are the focus for that day's instruction. The typical CrossFit class includes a warmup exercise, a skills portion, a "workout of the day," and a cool down exercise. CP at 168. In the warmup portion of a typical lesson, instructors discuss the rationale behind the movements being taught that day.

During the skills portion, an instructor would first demonstrate a specific movement to attending members. The members would replicate the movement and the instructors would "walk around and individually watch and instruct and cue each of the members of the class." CP at 173. For example, if members were learning how to perform a "clean," they would first learn on a PVC pipe. CP at 172. Then members would perform the movement on a light barbell under the instructor's direction. The instructor would observe to ensure members "are doing each movement under instruction and progressing to where they need to be for that skill." CP at 173.

After the skills portion, the members would go through the "workout of the day." CP at 173. The "workout of the day" is a group activity. During the "workout of the day," "[e]veryone is doing the same thing . . . at the same time." CP at 174. The "workout of the day" is also a timed activity. There is a list of specific exercises prescribed during the "workout of the day" and members would have 20 minutes to "get as much work done as possible." CP at 174. "[M]embers write down what they are doing, and they track their performance" during the workout. CP at 174. Amy Hollingsworth, the co-owner of Kitsap CrossFit, described the "workout of the day" as the "program to work out that we do in every single class." CP at 170. Members even called the "workout of the day" "the actual workout" and described its goal as to "improve our functional fitness." CP at 479, 629.

Kitsap CrossFit provided its members with a variety of exercise equipment for its CrossFit classes.[1] Kitsap CrossFit provided barbells, free weights, and squat racks, which were used to perform "big lifts" such as the snatch, clean and jerk, dead lift, back squat, and bench press. CP

---

[1] During the relevant tax period, Kitsap CrossFit did not offer open gym times or open access to its gym equipment.

at 135. Kitsap CrossFit also provided kettlebells, which were used for swings and farmer's carries. Kitsap CrossFit also provided rowing machines, which were used for cardio and metabolic training. A pull-up rig, which is "a big rig where people can hang and do pull-ups" and perform "a variety of gymnastic movements," was also provided. CP at 136. Additionally, medicine balls, boxes for box jumps, and ropes for rope climbs, were provided.

Members stated that instruction is the primary benefit of Kitsap CrossFit's classes and that fitness is a secondary benefit. Members based their opinion on the fact that the philosophy of CrossFit is to ensure "people are getting the proper instruction in technique body position and movement." CP at 590.

B.    CROSSFIT IS DESCRIBED AS A PHYSICAL FITNESS PROGRAM

The description, methodology, and goal of CrossFit Inc.'s fitness program is explained in the CrossFit Training Guide. CrossFit is described as a "core strength and conditioning program." CP at 305. CrossFit aims to "forge a broad, general, and inclusive fitness" based on "constantly varied, high-intensity, functional movement." CP at 300. To achieve the goal of "broad, general, and inclusive fitness," CrossFit emphasizes three key standards. The first standard announces competence in ten general physical skills: cardiovascular and respiratory endurance, stamina, strength, flexibility, power, coordination, agility, balance, and accuracy. The second standard is the ability to perform all ten physical skills in constantly changing combinations. The third standard is competency in metabolic conditioning through high, moderate, and low-powered activities. Members also describe CrossFit as a method of exercise designed to improve strength, flexibility, and mobility.

5

Under its Affiliate Agreement with CrossFit, Inc., Kitsap CrossFit agreed that "CrossFit provides a fitness program for strength and conditioning." CP at 260. Specifically, Kitsap CrossFit could use the CrossFit name only "in connection with certain *fitness, strength and conditioning training*, nutritional practices *and related services* consistent with the principles of CrossFit." CP at 261 (emphasis added).

Kitsap CrossFit's membership agreement includes a liability release form. In relevant part, the liability release form states that the "programs purchased hereunder includes participation in strenuous physical activities, including, but not limited to, running, weight training, stationary bicycling, gymnastic movements, various aerobic conditioning machinery and various nutritional programs offered by Kitsap CrossFit (the 'physical activities')." CP at 284 (emphasis omitted).

Kitsap CrossFit required members to complete a Physical Activity Readiness Questionnaire/Waiver form prior to enrolling in classes. The form emphasized the risks of physical training and repeatedly described Kitsap CrossFit's classes as a fitness and exercise program. Specifically, the form stated in relevant part that

> I willingly assume full responsibility for any and all risks that I am exposing myself to as a result of my participation in Kitsap CrossFit programs/classes and accept full responsibility for any injury or death that may result from participation in *any activity, class or physical fitness program*. I hereby certify that I know of no medical problems that would increase my risk of illness and injury as a result of participation in *a fitness program designed by Kitsap CrossFit*.

CP at 287 (emphasis added). The form also stated that "[b]y signing this document, I acknowledge that I have voluntarily chosen to participate in a *program of progressive, physical exercise*" and "I acknowledge being informed of the strenuous nature of the program." CP at 287 (emphasis added).

6

C.    ADMINISTRATIVE APPEAL

In April 2013, Kitsap CrossFit filed an amended tax return with the Department of Revenue (DOR), requesting a tax credit because it had inadvertently reported under the retailing classification during the fourth quarter of the 2012 tax season.  The DOR requested additional information from Kitsap CrossFit, including a description of its business activities, income it had reported under the retailing classification, and a copy of its membership agreement.  In addition to the materials Kitsap CrossFit provided, the DOR also reviewed Kitsap CrossFit's website and past tax returns.

The DOR performed a desk examination of Kitsap CrossFit's account for the period of October 1, 2009, through September 30, 2013.  The DOR concluded that Kitsap CrossFit's classes constituted physical fitness services and were therefore retail sales under Washington's business and occupation (B&O) tax statute.  Accordingly, the DOR issued a tax assessment against Kitsap CrossFit for $51,810.00 for tax period at issue.  The DOR also issued an additional tax assessment totaling $5,630.37 for the last quarter of 2013.

Kitsap CrossFit appealed the DOR's tax assessment through the DOR's administrative review process, which was upheld.  Kitsap CrossFit appealed the determination to the Board of Tax Appeals. *Found.  Kitsap CrossFit, LLC, dba Kitsap CrossFit, v. Dep't of Revenue*, Nos. 88703 (Wash. Bd. of Tax Appeals  Aug. 2, 2019).  On August 2, 2019, the Board of Tax Appeals affirmed the tax assessment. *Id.*

D.    TAX REFUND ACTION

On April 22, 2015, Kitsap CrossFit paid the tax assessment for the period between October 2009 and September 2013, in the amount of $57,906.95, including penalties and interest.  And on

June 23, 2017, Kitsap CrossFit paid the tax assessment for the fourth quarter of 2013 in the amount of $5,630.37, including penalties and interest. Kitsap CrossFit then filed this tax refund action in Thurston County Superior Court under RCW 82.32.180.[2]

Kitsap CrossFit and the DOR filed cross motions for summary judgment. Both parties moved for summary judgment on the issue of whether former RCW 82.04.050(3)(g) (2008) and former WAC 458-20-183(2)(1) (2009) were unconstitutionally vague. The DOR argued that the statute and regulation are not subject to a vagueness challenge because they do not prohibit conduct or impose sanctions. In the alternative, the DOR argued that the statute and regulation were not unconstitutionally vague because the provisions provide fair notice and adequate standards to protect against arbitrary enforcement. Kitsap CrossFit argued that the term "physical fitness services" in the statute and its definition under the regulation are unconstitutionally vague. Kitsap CrossFit asserted that the statute and regulation do not give fair notice as to what constitutes a "physical fitness service." Kitsap CrossFit also asserted that the statute and regulation do not prevent arbitrary enforcement..

The DOR also moved for summary judgment on the issue of whether Kitsap CrossFit's classes were properly classified as "physical fitness services," which are subject to the retail sales tax. The DOR argued that Kitsap CrossFit's classes qualified as "physical fitness services" under the statute's plain language, the regulation, and related excise tax advisories. In response, Kitsap CrossFit argued that the superior court should find the phrase "physical fitness services"

---

[2] RCW 82.32.180 provides that "[a]ny person . . . having paid any tax as required and feeling aggrieved by the amount of the tax may appeal to the superior court of Thurston county . . . . In the appeal the taxpayer shall set forth the amount of the tax imposed upon the taxpayer which the taxpayer concedes to be the correct tax and the reason why the tax should be reduced or abated."

ambiguous and construe it strongly against the DOR. Kitsap CrossFit contended that the facts heavily favored instruction over fitness and therefore did not qualify as "physical fitness services" under the statute and regulation. Kitsap CrossFit also argued that the DOR should be equitably estopped[3] from "changing its definition of 'physical fitness services' for the tax period." CP at 1357.

The superior court denied Kitsap CrossFit's motion for partial summary judgment, granted the DOR's motion for summary judgment, and dismissed Kitsap CrossFit's tax refund action. In issuing its ruling, the superior court "adopt[ed] many of the rationales the [DOR] put forth." Verbatim Report of Proceedings at 47.

Kitsap CrossFit appeals.

## ANALYSIS

A. UNCONSTITUTIONAL VAGUENESS CHALLENGE

Kitsap CrossFit argues that the statutory and regulatory scheme defining "physical fitness services" is unconstitutionally vague. We disagree.

1. Legal Principles

   a. Constitutional vagueness

Under the Fourteenth Amendment to the United States Constitution, a statute may be void for vagueness if it is framed in terms so vague that persons of common intelligence must guess at its meaning and cannot agree on its application. *Voters Educ. Comm. v. Pub. Disclosure Comm'n*, 161 Wn.2d 470, 484, 166 P.3d 1174 (2007), *cert. denied*, 553 U.S. 1079 (2008). The doctrine has

---

[3] On appeal, Kitsap CrossFit does not assign error related to equitable estoppel and only mentions equitable estoppel in passing.

two goals: (1) to provide fair notice as to what conduct is proscribed and (2) to protect against arbitrary enforcement. *State v. Evergreen Freedom Found.*, 192 Wn.2d 782, 797, 432 P.3d 805, *cert. denied*, 139 S. Ct. 2647 (2019). An unconstitutionally vague challenge, however, only applies to statutes and regulations that prohibit certain types of conduct and impose sanctions for violation of their standards. *Hi-Starr, Inc. v. Liquor Control Bd.*, 106 Wn.2d 455, 465, 722 P.2d 808 (1986); *Natural Resources v. Thurston County,* 92 Wn.2d 656, 667, 601 P.2d 494 (1979), , *cert. denied,* 449 U.S. 830 (1980).

We review whether a statute or administrative rule is unconstitutionally vague de novo. *See Campbell v. Tacoma Public Schools*, 192 Wn. App. 874, 882, 370 P.3d 33, *review denied*, 186 Wn.2d 1015 (2016). "We have a duty to construe an administrative rule or statute to avoid constitutional questions where such construction is reasonably possible." *Id.* at 883. "When construing an undefined term in a rule, we give the term its ordinary, common, everyday meaning." *Id.*

In construing a statute, we look at the entire context of the statute where the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole. *Evergreen Freedom Found.*, 192 Wn.2d at 789. A statute is not invalid simply because it could have been drafted with greater precision. *Am. Legion Post #149 v. Dep't of Health*, 164 Wn.2d 570, 613, 192 P.3d 306 (2008). A statute's language is sufficiently clear when it provides explicit standards for those who apply them and provides a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *See Voters Educ. Comm.*, 161 Wn.2d at 488.

Statutes are presumed to be constitutional. *Id.* at 481. The party asserting that a statute is unconstitutionally vague must prove its vagueness beyond a reasonable doubt. *Id.* The asserting

party may allege that a statute is either facially invalid or invalid as applied. *See Am. Legion*, 164 Wn.2d at 612. "In an as applied challenge, the statute must be considered in light of the facts of the specific case before the court." *Evergreen*, 192 Wn.2d at 796.

> b.      Statutory and regulatory scheme

"Washington imposes a B&O tax on persons engaged in the business of making 'sales at retail' in this state." *Gartner, Inc. v. Dep't of Revenue*, 11 Wn. App. 2d 765, 774, 455 P.3d 1179 (2020); RCW 82.04.250(1). "The retail sales tax is to be collected by the seller on each "retail sale" in this state." *Gartner*, 11 Wn. App. 2d at 774; RCW 82.08.050(1). During the relevant tax period, the term "retail sale" included "the sale of or charge made for personal, business, or professional services . . . received by persons engaging in . . . [p]hysical fitness services." Former RCW 82.04.050(3)(g) (2007).

The term "physical fitness services" is not further defined by the statute. *See* former RCW 82.04.050. The term is, however, defined by a DOR regulation which provides that

> "[p]hysical fitness services" include, but are not limited to: All exercise classes, whether aerobic, dance, water, jazzercise, etc., providing running tracks, weight lifting, weight training, use of exercise equipment, such as treadmills, bicycles, stair-masters and rowing machines, and providing personal trainers (i.e., a person who assesses an individual's workout needs and tailors a physical fitness workout program to meet those individual needs).

Former WAC 458-20-183(2)(l) (2009) (Former Rule 183). Former Rule 183 also recognized instructional lessons as a category of activities not included as physical fitness activities:

> "Physical fitness services" do not include instructional lessons such as those for self-defense, martial arts, yoga, and stress-management. Nor do these services include instructional lessons for activities such as tennis, golf, swimming, etc. "Instructional lessons" can be distinguished from "exercise classes" in that instruction in the activity is the primary focus in the former and exercise is the primary focus in the latter.

Former Rule 183.

2. Neither Statute nor Regulation Are Unconstitutionally Vague

Here, neither former RCW 82.04.050(3)(g) nor Former Rule 183 prohibit any conduct. The statute and regulation at issue also did not impose sanctions or penalize taxpayers. *See Ass'n of Wash. Bus. v. Dep't of Revenue*, 155 Wn.2d 430, 447, 120 P.3d 46 (2005) ("The public cannot be penalized or sanctioned for breaking [DOR interpretive rules]."). Rather, Former Rule 183 conferred the benefit of a retail sales tax exemption to taxpayers who fell within its narrowly defined scope. To the extent that Kitsap CrossFit argues that the tax assessment against it included a penalty, neither the language of former RCW 82.04.050(3)(g) nor Former Rule 183 impose any penalty. Because statute and regulation at issue do not prohibit taxpayers to act a certain way or impose sanctions, it is not the proper subject of a constitutional vagueness challenge. *See Hi-Starr*, 106 Wn.2d at 465.

Moreover, any vagueness challenge fails because the statutory and regulatory scheme defining "physical fitness services" is not unconstitutionally vague.

a. Former Rule 183 provided fair notice

Kitsap CrossFit argues that statutory and regulatory scheme is unconstitutionally vague because it does not provide a person of ordinary intelligence fair notice that CrossFit constitutes a "physical fitness service." We disagree.

Although "physical fitness services" is not statutorily defined, Former Rule 183 states that "'physical fitness services' *include, but are not limited to: All exercise classes*, whether aerobic, dance, water, jazzercise, etc." Former Rule 183(emphasis added). "[I]n both normal English usage

and textual decision-making, the word include does not ordinarily introduce an exhaustive list." *State v. S.G.*, 11 Wn. App. 2d 74, 78–79, 451 P.3d 726 (2019). Because "exercise classes" is not further defined by the regulation, we must give the phrase its ordinary meaning. *Campbell*, 192 Wn. App. at 883. "Exercise" is defined as "bodily exertion for the sake of developing and maintaining physical fitness." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 795 (2002). "Class" is defined as "a course of instruction." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY *at* 416 (2002). Taken together, the ordinary, everyday meaning of "exercise class" means a course of instruction for the sake of developing and maintaining physical fitness.

Here, Former Rule 183 gives people of common intelligence fair notice that the term "physical fitness services" applies to Kitsap CrossFit's classes because they fall within the plain meaning of "all exercise classes." Members joined Kitsap CrossFit's classes with the goal of losing weight and getting fit. Members also joined for a source of consistent exercise, to reduce stress, to develop strength, flexibility, and endurance, to adopt a healthier lifestyle, and to reduce body fat. The evidence also demonstrates that Kitsap CrossFit employed instructors to teach CrossFit techniques to its members in order to meet these goals. Because Kitsap CrossFit's classes fall within the broad definition of "all exercise classes," a person of common intelligence would have fair notice that Kitsap CrossFit's classes constitute a "physical fitness service" under the regulatory definition.

Also, Former Rule 183 specifically identified "weight training, weight lifting, [and] use of exercise equipment" as activities that fall within the definition of "physical fitness services." Here, Kitsap CrossFit offered its members access to weight training, weight lifting, and exercise equipment in its classes. Such equipment included barbells, free weights, kettlebells, medicine

balls, rowing machines, a pull up rig, squat racks, boxes, and ropes. Furthermore, Kitsap CrossFit's membership agreement described its CrossFit services to include weight training. Given the services that Kitsap CrossFit provided to its members, a person of common intelligence would have fair notice that Kitsap CrossFit's classes fall within the regulatory definition of "physical fitness services." Accordingly, Kitsap CrossFit's unconstitutionally vague challenge fails.

> b. Former Rule 183 did not invite arbitrary enforcement

Kitsap CrossFit argues that Former Rule 183 is unconstitutionally vague because it did not have sufficiently clear standards to prevent subjective, arbitrary enforcement. We disagree.

As discussed above, a statute or regulation must be sufficiently clear by providing explicit standards to prevent arbitrary enforcement. *See Voters Educ. Comm.*, 161 Wn.2d at 488, 502. In *State v. Wallmuller*, our Supreme Court addressed whether a community custody condition which prohibited a defendant from frequenting "places where children congregate" was unconstitutionally vague. 194 Wn.2d 234, 236, 245, 449 P.3d 619 (2019). The community custody condition at issue provided that "'[t]he defendant shall not loiter in nor frequent places where children congregate *such as* parks, video arcades, campgrounds, and shopping malls.'" *Id.* at 237 (emphasis added). The court held the condition was not unconstitutionally vague because the phrase "places where children congregate" was followed by an illustrative, non-exhaustive list. *Id.* at 244-45.

Here, Former Rule 183 states that "physical fitness services" "*include, but are not limited to*: All exercise classes." Former Rule 183 (emphasis added). Following the phrase "all exercise classes" is an illustrative, non-exhaustive list of examples of "exercise classes." Former Rule 183.

Because illustrative and non-exhaustive lists following a broad term provide sufficiently clear standards to foreclose a constitutional vagueness challenge, Former Rule 183 did not invite subjective and arbitrary enforcement. *See Wallmuller*, 194 Wn.2d at 244-45.

The statutory and regulatory scheme defining "physical fitness services" is not unconstitutionally vague. Thus, Kitsap CrossFit's unconstitutional vagueness challenge fails.

B.      KITSAP CROSSFIT'S CLASSES ARE "PHYSICAL FITNESS SERVICES"

Kitsap CrossFit argues the superior court erred in granting summary judgment, which dismissed its tax refund action. We disagree.

1.      Legal Principles

This matter is on review of a summary judgment decision. A grant of summary judgment is reviewed de novo, and we engage in the same inquiry as the trial court. *Wash. Imaging Servs., LLC v. Dep't of Revenue*, 171 Wn.2d 548, 555, 252 P.3d 885 (2011). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). Where there are no disputed issues of material fact and the issue is how the B&O tax statutes and regulations apply to the facts of the case, we treat the issue as a question of law, which is reviewed de novo. *Wash. Imaging*, 171 Wn.2d at 555. "[S]ummary judgment should be granted in favor of the moving party only if reasonable minds could reach but one conclusion from all the evidence." *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 452, 842 P.2d 956 (1993).

This matter also involves an issue of statutory interpretation, which we review de novo. *Matter of Dependency of E.M.*, 197 Wn.2d 492, 499, 484 P.3d 461 (2021). The primary goal of statutory interpretation is to determine and implement the legislature's intent. *Tesoro Ref. & Mktg.*

15

*Co. v. Dep't of Revenue*, 173 Wn.2d 551, 556, 269 P.3d 1013 (2012). To determine the legislature's intent, this court first looks to the plain language of the statute to discern its plain meaning. *Id.* If the plain language of the statute is subject only to one interpretation, it is unambiguous and this court will give effect to the statute's plain meaning as an expression of legislative intent. *Id.*; *Skagit County Pub. Hosp. Dist. No. 1 v. Dep't of Revenue*, 158 Wn. App. 426, 437, 242 P.3d 909 (2010).

"'[A]n undefined term should be given its plain and ordinary meaning unless a contrary legislative intent is indicated.'" *Solvay Chemicals, Inc. v. Dep't of Revenue*, 4 Wn. App. 2d 918, 926, 424 P.3d 1238 (2018) (quoting *In re Dependency of A.P.*, 177 Wn. App. 871, 877, 312 P.3d 1013 (2013), *review denied*, 179 Wn.2d 1026 (2014)). To determine the plain meaning of an undefined term, we look to the dictionary. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). We also consider how a statutory term is commonly understood. *See Bowie v. Dep't of Revenue*, 171 Wn.2d 1, 12-13, 248 P.3d 504 (2011). "'[E]ach word of a statute is to be accorded meaning.'" *HomeStreet*, 166 Wn.2d at 452 (quoting *State ex rel. Schillberg v. Barnett*, 79 Wn.2d 578, 584, 488 P.2d 255 (1971)).

In Washington, persons who charge for services defined as retail sales are required to collect and remit retail sales tax, and pay retailing B&O tax. *See* RCW 82.08.020(1); RCW 82.08.050(1), (2); RCW 82.04.250(1). In contrast, persons who charge for services not otherwise classified for B&O tax purposes, pay service and other activities B&O tax and are not required to collect and remit retail sales tax on those receipts. *See* RCW 82.04.290(2)(a), (b).

"Washington imposes a B&O tax on persons engaged in the business of making 'sales at retail.'" *Gartner*, 11 Wn. App. 2d at 774; RCW 82.04.250(1). "The retail sales tax is to be

16

collected by the seller on each "retail sale" in this state." *Gartner*, 11 Wn. App. 2d at 774; RCW 82.08.050(1). During the relevant tax period, the term "retail sale" included "the sale of or charge made for personal, business, or professional services . . . received by persons engaging in . . . [p]hysical fitness services." Former RCW 82.04.050(3)(g).

As noted above, the term "physical fitness services" is not further defined in the statute but is defined in Former Rule 183. *See* former RCW 82.04.050(3)(g); Former Rule 183.

2.      Kitsap CrossFit Provided Physical Fitness Services Under Statute's Plain Meaning

Kitsap CrossFit argues that the superior court erred in concluding that former RCW 82.04.050(3)(g) is unambiguous. We disagree.

As discussed above, when conducting a plain language analysis, each word in a statute must be accorded meaning. *HomeStreet, Inc.*, 166 Wn.2d at 452. This court also considers how a statutory term is commonly understood. *Bowie*, 171 Wn.2d at 12-13. The dictionary defines the adjective "physical" as "of or relating to the body <~ strength>." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1706 (2002). "Fitness" is defined as "the quality or state of being fit or fitted." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 860 (2002). The noun "services" is defined as "action or use that furthers some end or purpose : conduct or performance that assists or benefits someone or something : deeds useful or instrumental toward some object . . . professional or other useful ministrations . . . supply of needs." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 2075 (2002). Taken together, the plain language of "physical fitness services" under former RCW 82.04.050(3)(g) means any action, conduct, or deed that assists, benefits, or is useful to someone making their body fit.

Here, Kitsap CrossFit contends that the phrase "physical fitness services" is ambiguous and should be interpreted in their favor. But Kitsap CrossFit offers no other reasonable interpretation of the phrase "physical fitness services." Instead, Kitsap CrossFit contends that we should find the phrase ambiguous because the DOR has offered multiple, changing interpretations of the phrase "physical fitness services" in this litigation. Specifically, Kitsap CrossFit contends that the DOR's plain language argument and alternative argument under the regulatory definition are evidence of ambiguity. But Kitsap CrossFit fails to demonstrate how the DOR's interpretations of "physical fitness services" under the statute and regulation are inconsistent such that they create an ambiguity. Because Kitsap CrossFit fails to demonstrate that the phrase "physical fitness services" is subject to more than one reasonable interpretation, this court should hold that "physical fitness services" is unambiguous. *See Tesoro*, 173 Wn.2d at 556. Accordingly, we apply the plain meaning of "physical fitness services" discussed above.

Here, in determining whether Kitsap CrossFit's services fit under the classification of "physical fitness services," the undisputed evidence demonstrates that Kitsap CrossFit is self-described as a program to help achieve physical fitness. For example, under the affiliate agreement, Kitsap CrossFit agreed to use the CrossFit name only "in connection with certain *fitness, strength and conditioning training*, nutritional practices *and related services* consistent with the principles of CrossFit." CP at 261 (emphasis added). Additionally, the CrossFit Training Guide describes CrossFit as a "core strength and conditioning program." CP at 305. Even the waiver form described CrossFit as a program of "progressive, physical exercise." CP at 287.

The evidence also demonstrates that members attended Kitsap CrossFit's classes to improve their physical fitness. Specifically, members joined Kitsap CrossFit for the purpose of

losing weight and getting fit. Members also joined Kitsap CrossFit classes for a consistent source of exercise and to develop strength, flexibility, and endurance. In fact, members attended Kitsap CrossFit's classes multiple times per week, with the recommended frequency depending on their individual fitness goals.

Moreover, the undisputed evidence demonstrates that Kitsap CrossFit provided instructors for its classes. Throughout a typical class, Kitsap CrossFit's instructors would guide and coach members in proper technique for the various exercises performed during the class.

Kitsap CrossFit's classes meet the plain meaning of "physical fitness services" because those classes involved action, conduct, or deeds that assisted, benefitted, or were useful to members in making their body fit. And because "physical fitness services" are subject to retail sales tax, the superior court did not err in denying Kitsap CrossFit's tax refund request under the statute's plain language and granting summary judgment.

3.      Kitsap CrossFit Provided "Physical Fitness Services" Under the Regulation and Excise Tax Advisories

Kitsap CrossFit argues that the superior court erred in granting summary judgment because "there were facts from which a reasonable factfinder could infer that the primary focus of Kitsap's lessons was instruction." Br. of Appellant at 38. We disagree.

We give "'great weight to the statutory interpretation laid down by the executive agency charged with [a statute's] enforcement.'" *Solvay Chemicals*, 4 Wn. App. 2d at 927 (quoting *Blueshield v. Office of Ins. Comm'r*, 131 Wn. App. 639, 646, 128 P.3d 640 (2006)). However, the "agency's interpretation is not conclusive because 'it is ultimately for the court to determine the purpose and meaning of statutes, even when the court's interpretation is contrary to that of the

agency charged with carrying out the law.'" *Puget Sound Med. Supply v. Dep't of Soc. & Health Servs.*, 156 Wn. App. 364, 369, 234 P.3d 246 (2010) (quoting *Overton v. Econ. Assistance Auth.*, 96 Wn.2d 552, 555, 637 P.2d 652 (1981)). "We apply normal rules of statutory construction to administrative rules and regulations." *Solvay Chemicals*, 4 Wn. App. 2d at 927.

As discussed above, Former Rule 183 defines "physical fitness services" as including, but not limited to: "*All exercise classes*, whether aerobic, dance, water, jazzercise, etc., providing running tracks, weight lifting, weight training, use of exercise equipment, such as treadmills, bicycles, stair-masters and rowing machines, and providing personal trainers." (Emphasis added). But it also states that "'[p]hysical fitness services' do not include instructional lessons such as those for self-defense, martial arts, yoga, and stress-management. Nor do these services include instructional lessons for activities such as tennis, golf, swimming, etc." Former Rule 183. Former Rule 183 further states that "'[i]nstructional lessons' can be distinguished from 'exercise classes' in that instruction in the activity is the primary focus in the former and exercise is the primary focus in the latter."

The term "exercise classes" is not further defined by the regulation; therefore, we must give the phrase its ordinary meaning. *Campbell*, 192 Wn. App. at 883. "Exercise" is defined as "bodily exertion for the sake of developing and maintaining physical fitness." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 795 (2002). "Class" is defined as "a course of instruction." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 416 (2002). Taken together, the ordinary, everyday meaning of "exercise class" means a course of instruction for the sake of developing and maintaining physical fitness.

The DOR also issued Excise Tax Advisory 3104.2009 (ETA 3104), which further clarified the distinction between "physical fitness services" and "instructional lessons." Excise tax advisories are interpretive statements authorized by RCW 34.05.230. DOR has authority to adopt interpretive regulations; however, they are not binding on reviewing courts. *Ass'n of Wash. Bus.*, 155 Wn.2d at 445, 447. Unlike legislative rules, interpretive rules "are afforded no deference other than the power of persuasion." *Id.* at 447.

ETA 3104 provides that

Physical fitness services also include but are not limited to:

- Providing access to equipment or facilities at which a person can engage in physical fitness activities;
- Conducting an exercise class at which someone leads a group of persons through a physical fitness routine or regimen. These classes may or may not involve a specialized exercise or conditioning program such as Body Pump, Jazzercise, Pilates, Power Sculpting, and Neuromuscular Integrative Action ("Nia"); and
- Providing one-on-one personal training services to assess individual workout needs and/or tailor a physical workout program to meet those individual needs.

CP at 911-912.

ETA 3104 further provides specific examples of when the primary focus of an activity is exercise:

[I]t is likely that some varying degree of instruction or guidance will be provided to the participant. As examples:

- A person who is working out in a weight room may ask an employee of the facility for tips on the proper use of a particular apparatus;
- A person leading an exercise class often demonstrates proper techniques for various movements used in the class; and
- Personal trainers demonstrate and provide guidance as to proper weight-lifting techniques.

In such cases, however, the instruction or guidance is not the primary focus. The primary focus is for the participant to improve or maintain his or her general fitness,

strength, flexibility, conditioning, and/or health. Such instruction or guidance does not in itself result in that service being an "instructional lesson" subject to the service and other activities B&O tax.

CP at 912.

ETA 3104 includes the following characteristics as indicative of instructional lessons:

teaching the participant how to perform certain activities, generally following a specific curriculum that includes the study of the underlying philosophy of the activity . . . the participant obtaining certification as a physical fitness trainer or group fitness instructor, or mastery of the techniques and philosophy with possible advancement in levels of achievement.

CP at 912.

In contrast, "[i]f the class or activity is primarily to improve flexibility, strength, or general fitness for the participant, the charge for participation is a retail sale." CP at 912 (ETA 3104).

Here, Kitsap CrossFit's classes meet the plain meaning of "exercise classes" under Former Rule 183. There is no dispute that Kitsap CrossFit provided a curriculum of instruction for their members during the relevant tax period. There is also no dispute that members described CrossFit as a method of exercising designed to improve strength, flexibility, and mobility. Even the CrossFit Training Guide described CrossFit as a "core strength and conditioning program," which aims to "forge a broad, general, and inclusive fitness." CP at 305, 300. The record also repeatedly demonstrates that members joined Kitsap CrossFit for the purpose of losing weight, to get fit, to have a source of consistent exercise, to develop strength, flexibility, and endurance, to adopt a healthier lifestyle, and to reduce body fat.

Because the record shows that Kitsap CrossFit's classes were a course of instruction for the sake of developing or maintaining physical fitness, no reasonable factfinder can conclude that Kitsap CrossFit's classes are not "exercise classes." *See Our Lady of Lourdes Hosp.*, 120 Wn.2d

at 452. And because Kitsap CrossFit's classes are "exercise classes," they constitute "physical fitness services" under Former Rule 183.

Additionally, Kitsap CrossFit's classes constitute "physical fitness services" under Former Rule 183 because they provided "weight lifting, weight training, [and] use of exercise equipment" in their classes. For example, Kitsap CrossFit provided barbells, squat racks, kettlebells, rowing machines, a pull up rig, medicine balls, boxes for box jumps, and ropes for rope climbs. Because Former Rule 183 states that providing "weight lifting, weight training, [and] use of exercise equipment" fall within the definition of "physical fitness services," and because Kitsap CrossFit provided such equipment in its classes, no reasonable factfinder could conclude that Kitsap CrossFit did not provide "physical fitness services" within the meaning of the regulatory definition. *See Our Lady of Lourdes Hosp.*, 120 Wn.2d at 452.

Kitsap CrossFit advances several other arguments as to why summary judgment was improper. First, Kitsap CrossFit argues that the superior court erred in granting summary judgment because genuine issues of material fact remain as to whether the primary focus of its classes were "instructional." We disagree.

Here, Kitsap CrossFit relies on witness testimony and declarations that baldly assert CrossFit is primarily an instructional activity in order to create a genuine dispute of material fact. But a party must present more than "'[u]ltimate facts'" or conclusory statements in order to defeat summary judgment. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331 P.3d 40 (2014) (quoting *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988). Because the issue of whether Kitsap CrossFit's classes were "instructional" is the ultimate fact to be decided,

the declarations submitted by Kitsap CrossFit are insufficient to create a genuine issue of material fact to defeat summary judgment. *See id.*

Next, Kitsap CrossFit argues that reasonable minds can differ as to whether the primary focus of its classes were instructional because its classes are taught at a standalone facility dedicated to CrossFit, which is indicative of an "instructional lesson." We disagree.

Kitsap CrossFit's argument relies on the language of Excise Tax Advisory 3003.2009 (ETA 3003), which "explain[ed] the tax reporting responsibilities of persons providing Yoga, Tai Chi, and Qi Gong classes." CP at 908. But ETA 3003 is directed to persons providing yoga, tai chi, and qi gong classes, not CrossFit classes. *See* CP at 908 (ETA 3003) ("The purpose of this excise tax advisory is to explain the tax reporting responsibilities of persons providing Yoga, Tai Chi, and Qi Gong classes."). Because ETA 3003 limits its applicability to the tax reporting responsibilities of persons providing yoga, tai chi, and qi gong, we are not persuaded by Kitsap CrossFit's argument.

Kitsap CrossFit also argues that reasonable minds can differ as to whether the primary focus of its classes are instructional because its classes consist of a "'specific curriculum that includes the study of the underlying philosophy of the activity.'" Br. of Appellant at 44. Kitsap CrossFit further argues that reasonable minds can differ on whether its classes are instructional in nature because of the fact that it "provides two programs designed to help its students obtain certification as CrossFit instructors" and "every lesson aims to teach mastery of CrossFit techniques [which] includes instruction in the underlying philosophy." Br. of Appellant at 46, 47. We disagree with both arguments.

Kitsap CrossFit's argument relies on a portion of ETA 3104 which states that

> [i]nstructional lessons for activities such as Body Pump and Pilates are generally characterized as teaching the participant how to perform certain activities, generally following a specific curriculum that includes the study of the underlying philosophy of the activity. The purpose of the instruction includes the participant obtaining certification as a physical fitness trainer or group fitness instructor, or mastery of the techniques and philosophy with possible advancement in levels of achievement usually associated with martial arts.

CP at 912.

Kitsap CrossFit's reliance on the above quoted language is unpersuasive because it ignores the rest of ETA 3104. *See Cannabis Action Coal. v. City of Kent*, 180 Wn. App. 455, 477, 322 P.3d 1246 (2014) ("[this court] construe[s] an act as a whole, giving effect to all the language used.") (quoting *C.J.C. v. Corp. of Catholic Bishop of Yakima*, 138 Wn.2d 699, 708, 985 P.2d 262 (1999)), *aff'd*, 183 Wn.2d 219 (2015).

ETA 3104 specifically contemplates "that some varying degree of instruction or guidance will be provided to the participant." CP at 912. ETA 3104 goes on to state that if a "person leading an exercise class . . . demonstrates proper techniques for various movements used in the class," then instruction is not the primary focus. CP at 912. ETA 3104 also states that if "[p]ersonal trainers demonstrate and provide guidance as to proper weight-lifting techniques," then instruction is not the primary focus. CP at 912.

Here, the undisputed evidence demonstrates that Kitsap CrossFit instructors demonstrated proper techniques for the various exercises used in class. The undisputed evidence also shows that Kitsap CrossFit's instructors would demonstrate and provide guidance on proper weight lifting techniques during a typical class. Although Kitsap CrossFit emphasizes the instructional aspect of its classes, "[s]uch instruction or guidance does not in itself result in that service being an 'instructional lesson.'" CP at 912 (ETA 3104). Because Kitsap CrossFit's classes were conducted

in a manner where its instructors would demonstrate and correct exercise technique, and because ETA 3104 states that the primary focus of such activities is not instruction, reasonable minds cannot conclude that Kitsap CrossFit's classes are instructional. *See Our Lady of Lourdes Hosp.*, 120 Wn.2d at 452. Accordingly, Kitsap CrossFit's argument fails.

While instruction in movement and technique were a part of Kitsap CrossFit's classes, reasonable minds cannot conclude that the primary focus of Kitsap CrossFit's classes were instructional. *See id.* Instead, the undisputed evidence demonstrates that Kitsap CrossFit's classes were "exercise classes," which fall within the broad definition of "physical fitness services" in Former Rule 183. Therefore, the superior court did not err in granting summary judgment and dismissing Kitsap CrossFit's tax refund request because, based on the undisputed evidence, Kitsap CrossFit's classes were properly classified as "physical fitness services" as a matter of law.

CONCLUSION

We hold that Kitsap CrossFit's unconstitutionally vague challenge fails and that the superior court did not err in granting summary judgment. Accordingly, we affirm the superior court's order granting summary judgment.

No. 54464-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Maxa, J.

_____
Sutton, J.